IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONITA SHARMA and ERIC ANDERSON, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br>  v.<br><br>BMW OF NORTH AMERICA, LLC,,<br><br>  Defendant. | No. C-13-2274 MMC<br><br>**ORDER DISMISSING PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF; AFFORDING PLAINTIFFS LEAVE TO FILE SECOND AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is "Plaintiffs' Response to Order to Show Cause," filed February 7, 2014. Having read and considered plaintiffs' response, the Court rules as follows.

As set forth in the Court's order of January 15, 2014, plaintiffs, who seek to proceed on behalf of a class of persons who own or owned specified vehicles manufactured by defendant, allege that their respective vehicles contain a design defect and that defendant breached the terms of the warranties applicable to the vehicles by not covering the costs of repairs incurred by plaintiffs. Plaintiffs also allege that defendant has made false and misleading statements about its warranties and vehicles in violation of certain statutes, including § 17200 of the California Business and Professions Code. In addition to seeking monetary relief, plaintiffs seek injunctive relief in the form of an order requiring defendant to notify vehicle owners about the alleged defect and to offer to repair the vehicles at no cost to the owners. Because plaintiffs allege that their vehicles were repaired, however, the

Court directed plaintiffs to show cause why their claim for injunctive relief should not be dismissed for lack of standing.

In their response, plaintiffs contend they have standing because, under California law, a plaintiff alleging a § 17200 claim may seek injunctive relief "to protect the public." See Kraus v. Trinity Management Services, Inc., 23 Cal. 4th 116, 126 (2000) (holding plaintiff may seek "injunctive relief against unfair or unlawful practices in order to protect the public"). Even assuming, arguendo, a plaintiff bringing a § 17200 claim in state court may seek injunctive relief in the absence of a showing he faces a threat of future injury from the defendant, plaintiffs filed the instant action in federal court, and, consequently, are subject to Article III's requirement that they "demonstrate a real or immediate threat of an irreparable injury" in order to seek injunctive relief. See Hangarter v. Provident Life and Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004) (holding plaintiff lacked standing to seek injunctive relief under § 17200, where plaintiff failed to show he was "personally threatened by [defendants'] conduct"); see also, e.g., Nelsen v. King County, 895 F.2d 1248, 1249-50, 1254 (9th Cir. 1990) (holding plaintiffs could proceed with claims for damages based on injuries assertedly occurring at rehabilitation center, but lacked standing to seek injunctive relief on behalf of themselves or class; finding plaintiffs failed to show "credible threat" of future harm where plaintiffs made no showing they were likely to return to rehabilitation center).[1]

---

[1] In their opposition, plaintiffs cite cases for the general proposition that federal courts have broad discretionary power to award equitable relief where a defendant continues to engage in unlawful practices. The cited cases are distinguishable, however, because the courts therein expressly found the plaintiff had standing to seek injunctive relief and then determined whether the form of relief granted was proper as a matter of equity. See Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1237, 1242 (9th Cir. 2001) (holding plaintiff "demonstrated the likelihood of irreparable injury in the absence of injunctive relief," but finding form of injunctive relief granted "overbroad"); LaDuke v. Nelson, 762 F.2d 1318, 1330-31 (9th Cir. 1985) (holding plaintiffs had standing to seek injunctive relief because they "face[d] a likelihood of substantial and immediate injury" if challenged practice continued, and finding form of injunctive relief awarded not overbroad); see also Lemon v. Kurtzman, 411 U.S. 192, 194 (1973) (holding plaintiffs who were granted injunctive relief failed to show form of injunction was too narrow); Lemon v. Kurtzman, 403 U.S. 602, 611 (1971) (observing district court had found plaintiffs had standing to seek injunctive relief).

2

Plaintiffs fail to point to any allegations in the First Amended Complaint ("FAC") that could support a finding that either plaintiff faces a "real or immediate threat of irreparable injury" from defendant. See id. In the absence of any such allegations, plaintiffs have failed to establish their standing to seek injunctive relief. See Carrico v. City and County of San Francisco, 656 F.3d 1002, 1006-08 (9th Cir. 2011) (holding, court must "accept as true" plaintiff's factual allegations for purposes of determining whether plaintiff has "establish[ed] standing"; affirming dismissal of complaint seeking injunctive relief, where plaintiffs' allegations were "insufficient to confer standing").

Accordingly, plaintiffs' claim for injunctive relief is hereby DISMISSED.

In their response, plaintiffs also rely on factual assertions not pleaded in the FAC, specifically, that the repairs made to plaintiff Monita Sharma's vehicle "have not eliminated the defect" (see Pls.' Response at 2:16-17), and that repairs made to vehicles owned by two persons who are not named plaintiffs likewise did not eliminate the defect in their vehicles (see Pls.' Response Exs. B, C). Because it is not clear that it would be futile to allow plaintiffs to amend to add additional allegations regarding the nature of the repairs made, or not made, to Sharma's vehicle and/or to vehicles of other persons whom plaintiffs might seek to add as named parties, the Court will afford plaintiff leave to amend. See Carrico, 656 F.3d at 1008 (holding, where complaint is dismissed for failure to adequately allege standing, leave to amend should be afforded, unless "amendment would be futile").[2]

According, plaintiffs are afforded leave to file, no later than February 28, 2014, a Second Amended Complaint to allege any additional facts to establish their standing to seek injunctive relief and/or to add additional parties who can establish their standing to seek injunctive relief. Additionally, if plaintiffs file a Second Amended Complaint to add such allegations and/or parties, plaintiffs may, but are not required to, otherwise amend their existing claims.

---

[2] In its January 15, 2014 order, the Court afforded plaintiffs leave to amend if plaintiffs were of the view that they could allege additional facts to establish standing. Although plaintiffs, without explanation, failed to avail themselves of said opportunity, the Court nonetheless will again afford plaintiffs such leave. See Fed. R. Civ. P. 15(a)(2).

If plaintiffs do not file a Second Amended Complaint by February 28, 2014, the instant action will proceed on the remaining claims in the FAC.

Finally, in light of the above, the Case Management Conference is hereby CONTINUED from March 7, 2014 to April 25, 2014, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than April 18, 2014.

**IT IS SO ORDERED.**

Dated: February 12, 2014

MAXINE M. CHESNEY
United States District Judge