United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                     IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   MONITA SHARMA, et al.,                    No. C-13-2274 MMC
12          Plaintiffs,                        **ORDER DENYING DEFENDANT'S**
                                               **MOTION TO STRIKE CLASS**
13       v.                                    **ALLEGATIONS**
14   BMW OF NORTH AMERICA, LLC,,
15          Defendant.
     _____/
16
17        Before the Court is defendant BMW of North America, LLC's ("BMW") Motion to

18   Strike Class Allegations, filed August 25, 2014.  Plaintiffs Monita Sharma ("Sharma") and

19   Eric Anderson ("Anderson") have filed opposition, to which BMW has replied.  Having read

20   and considered the papers filed in support of and in opposition to the motion, the Court

21   rules as follows.[1]

22        As set forth in greater detail in the Court's Order Granting in Part and Denying in

23   Part Defendant's Motion to Dismiss, filed concurrently herewith, plaintiffs allege they each

24   purchased a BMW with a design defect; specifically, plaintiffs allege that certain electrical

25   components located in an area of the trunk are prone to water intrusion.  Plaintiffs allege

26   their claims "both individually and as a class action" (see Third Amended Class Action

27   Complaint ("TAC") ¶ 77), and describe the class as follows:  "All persons in California who

28

     _____

     [1]By order filed October 21, 2014, the Court took the matter under submission.

1   currently own or lease, or who have owned or leased, any BMW X5 series vehicles, X3

2   series vehicles, and 5 series vehicles" (see TAC ¶ 78).  Plaintiffs seek to proceed on behalf

3   of the class under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

4       By the instant motion, BMW argues that, pursuant to Rules 12(f) and 23(c), the class

5   allegations should be stricken.  See Fed. R. Civ. P. 12(f) (providing "court may strike from a

6   pleading . . . immaterial . . . matter"); Fed. R. Civ. P. 23(c)(1)(A) (providing, where plaintiff

7   sues as class representative, "court must determine by order whether to certify the action

8   as a class action").  Specifically, BMW argues, "it is evident" from the face of the TAC "that

9   plaintiffs will be unable – as a matter of law – to satisfy the Rule 23 requisites for class

10  certification."  (See Def.'s Mot. at 1:6-7.)

11      BMW first argues that the class allegations should be stricken for lack of standing

12  on the part of some class members.  Specifically, BMW asserts, class members who have

13  not paid money to address the alleged design defect have no injury and, thus, lack

14  standing to brings claims against BMW.  For purposes of standing, however, a plaintiff may

15  proceed on behalf of a class if the named plaintiff has standing.  See Bates v. United Parcel

16  Service, Inc., 511 F.3d 974, 985 (9th Cir. 2007) ("In a class action, standing is satisfied if at

17  least one named plaintiff meets the requirements."); see also Walters v. Reno, 145 F.3d

18  1032, 1047 (9th Cir. 1998) (noting, in case where plaintiffs alleged certain practice

19  employed in course of deportations was unconstitutional, "[e]ven if some class members

20  have not been injured by the challenged practice, a class may nevertheless be

21  appropriate").[2]  Moreover, in an automobile design defect class action, the named plaintiff is

22  not required, even at the class certification stage, to establish that the defect manifested

23  itself in all class vehicles; rather, evidence pertaining to manifestation pertains to the

24  "merits" of the class claims.  See Wolin v. Jaguar Land Rover North America, LLC, 617

25  F.3d 1168, 1173 (9th Cir. 2010) (reversing denial of class certification; finding erroneous

26

27          [2]BMW does not argue the named plaintiffs lack standing to seek damages, and, with
28  respect to injunctive relief, the Court, in its order of June 19, 2014, previously found
    plaintiffs alleged sufficient facts to establish plaintiff Sharma has standing.

2

1   district court's conclusion that class could not be certified where plaintiffs "did not prove that

2   the defect manifested in a majority of the class's vehicles").  Consequently, BMW has failed

3   to show the class allegations should be stricken for lack of standing on the part of some

4   putative class members.

5          BMW next contends the class allegations should be stricken because individual

6   issues will predominate over common issues.[3]  Specifically, BMW argues that

7   individualized inquiries will be necessary to determine whether each electrical failure was

8   caused by the asserted defect, whether each class member was harmed by the alleged

9   failure of BMW to provide notice of the defect, whether each class member qualifies as a

10  "consumer" under the Consumer Legal Remedies Act, whether each class member whose

11  claim otherwise would be barred by the statute of limitations is entitled to rely under the

12  discovery rule, and, to the extent the class relies on diminution of value as a theory of

13  damages, whether each class member's vehicle lost value.

14         Although the above-referenced issues may well present challenges to plaintiffs in

15  seeking certification and/or in establishing the merits of their claims, BMW fails to show

16  that plaintiffs, as a matter of law, are precluded from establishing, on a motion to certify,

17  that common issues pertaining to liability and damages predominate over individual issues.

18  See, e.g., Wolin, 617 F.3d at 1173 (reversing denial of certification as to claim alleging tires

19  failed due to design defect, although acknowledging possibly differing reasons for "early

20  tire wear" might be "particularly problematic for plaintiffs seeking class certification";

21  rejecting vehicle manufacturer's argument that "automobile defect cases can categorically

22  never be certified as a class"); see also Manning v. Boston Medical Center Corp., 725 F.3d

23  34, 59-60 (1st Cir. 2013) (holding, because class allegations may be stricken at pleading

24

25         [3]A plaintiff must show common issues predominate over individual issues in order to
    obtain certification under Rule 23(b)(3), but not under Rule 23(b)(2).  See Walters, 145
26  F.3d at 1047 ("Although common issues must predominate for class certification under
    Rule 23(b)(3), no such requirement exists under 23(b)(2).").  The Court thus understands
27  such argument to be directed to plaintiffs' allegations pertaining to certification under Rule
    23(b)(3).
28

1   stage only where "what is alleged in the complaint" establishes no class could be certified,

2   "a court should typically await the development of a factual record before determining

3   whether the case should move forward on a representative basis") (internal quotation and

4   citation omitted); cf. Pilgrim v. Universal Health Card, LLC, 660 F.3d 943, 946-49 (6th Cir.

5   2011) (affirming, as to false advertising claim, order striking at pleading stage plaintiff's

6   allegations on behalf of nationwide class; holding plaintiffs could not, as a matter of law,

7   establish nationwide class where different state laws governed class members' claims and

8   "no proffered or potential factual development offer[ed] any hope of altering that

9   conclusion").  Consequently, BMW has failed to show that, at this stage of the proceedings,

10  individual issues necessarily will predominate over common issues.

11          Lastly, BMW argues that the named plaintiffs cannot meet the requirement, set forth

12  in Rule 23(a)(3), that their claims are typical of those of the class.  According to BMW, the

13  named plaintiffs' claims are not typical of persons who purchased or leased a model

14  different from the model purchased by each named plaintiff.  In light of plaintiffs' allegation

15  that the same defect exists in each of the Class Vehicles (see TAC ¶ 1, 35-36), however,

16  the Court declines to find at the pleading stage that plaintiffs claims are not typical of those

17  of persons who purchased or leased different models of Class Vehicles.  See, e.g., Astiana

18  v. Dreyer's Grand Ice Cream, Inc., 2012 WL 2990766, at *11-13 (N.D. Cal. July 20, 2012)

19  (holding where class action complaint encompasses product plaintiff purchased and

20  product plaintiff did not purchase, plaintiff may seek certification of claims based on

21  unpurchased products where "there is sufficient similarity between the products purchased

22  and not purchased"; noting "concerns of [defendant] and/or the Court about material

23  differences are better addressed at the class certification stage") (collecting cases).

24  Additionally, the Court finds unpersuasive BMW's argument that it is apparent from the face

25  of the TAC that the named plaintiffs will be subject to a unique statute of limitations

26  defense.  See Wolin, 617 F.3d at 1175 (holding named plaintiffs met "typicality"

27  requirement of Rule 23, where, inter alia, defendant "identified no defenses that [were]

28  unique to [named plaintiffs]").  The Ninth Circuit has recognized that resolution of statute of

4

limitations defenses may well be suitable for classwide determination, see, e.g., Cameron v. E.M. Adams & Co., 547 F.2d 473, 477-78 (9th Cir. 1976) (holding, in action alleging fraudulent omissions in connection with sales of securities, "even if there exist questions of individual compliance with the [applicable] statute of limitations, they are not sufficient, on balance, to negate the predominance of the common issues"), and the factual allegations in the TAC do not appear to preclude, as a matter of law, such outcome in the instant case, see Tait v. BSH Home Appliances Corp., 289 F.R.D. 466, 485-86 (C.D. Cal. 2012) (interpreting Ninth Circuit precedents as holding that "individual questions" as to when class members discovered or should have discovered defendant's alleged wrongdoing do not predominate over common questions where "plaintiffs' theory is that defendant's own omission or deception resulted in plaintiffs remaining unaware about their injury or its cause").  Consequently, BMW has failed to show, at this stage of proceedings, that the named plaintiffs cannot meet the typicality requirement.

Accordingly, the motion to strike will be denied.

**CONCLUSION**

For the reasons stated above, BMW's motion to strike is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  January 6, 2015

MAXINE M. CHESNEY
United States District Judge

5