# EXHIBIT C

Troy M. Yoshino, Bar No. 197850
  *tyoshino@cbmlaw.com*
Eric J. Knapp, Bar No. 214352
  *eknapp@cbmlaw.com*
Aengus H. Carr, Bar No. 240953
  *acarr@cbmlaw.com*
**CARROLL, BURDICK & McDONOUGH**LLP
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, California 94104
Telephone:    415.989.5900
Facsimile:    415.989.0932

Attorneys for Defendant
BMW of NORTH AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MONITA SHARMA and ERIC ANDERSON, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>       v.<br><br>BMW of NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>              Defendant. | Case No. CV-13-2274 (MMC)<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS**<br><br>The Hon. Maxine M. Chesney |

PROPOUNDING PARTY:          Plaintiffs MONITA SHARMA and ERIC ANDERSON

RESPONDING PARTY:          Defendant BMW OF NORTH AMERICA, LLC

SET NUMBER:                   One

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

14.     By submitting these responses, BMW NA does not in any way adopt plaintiffs'
purported definitions of words and phrases contained in plaintiffs' Requests.  BMW NA objects to
those definitions to the extent that they are inconsistent with the ordinary and customary meaning
of such words and phrases.  Likewise, BMW NA objects to plaintiffs' purported definitions,
including but not limited to the definitions of "Document" and "Communication", as well as
plaintiffs' Instructions, to the extent that they purport to impose upon BMW NA any obligations
broader than, or inconsistent with, applicable discovery rules or common law.

15.     BMW NA objects to each and every Request to the extent it asks about documents
or other information created or obtained after the date of plaintiffs' filing of the complaint in this
litigation.

16.     BMW NA has not yet completed its investigation of the facts related to this
litigation.  Consequently, all of the responses contained herein are based only on such information
and documentation that is presently available to BMW NA and disclose only the information and
contentions presently known to BMW NA.  BMW NA reserves the right to amend these
responses, and to offer related evidence, as additional facts are ascertained, analyses are made,
research is completed, and contentions become apparent.

### RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

The native files of all computer-aided design (CAD) models/drawings, 2-dimensional
drawings or models of the Electronic Component Parts and Drainage Tubes in the Class Vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

BMW NA objects to this Request on the grounds that the term "Electronic Component
Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in
this case as it includes components not identified in the TAC and/or that are not located in the
spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is
overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-5-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

Further, the claims in the TAC relate to the location of the modules, not the design of the modules themselves, and so a request for CAD (or other similar) files for the modules are not reasonably calculated to lead to the discovery of admissible evidence.

BMW NA objects that the TAC addresses over ten model years of vehicles and that even if the materials requested are relevant, the burden placed on BMW NA is out of proportion with the needs of the case.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA does not design or manufacture the putative Class Vehicles. By way of further response, BMW NA agrees to produce maintenance materials showing the locations of the RDC, PDC and SDARS modules in the putative Class Vehicles. *See* SHARMA_BMWNA_000895-905

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that reference or relate to design specifications for the Electronic Component Parts and Drainage Tubes for the Class Vehicles. This includes drawings, blueprints and diagrams, 2-dimensional drawings and native electronic files of any computer-aided design

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-6-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1 (CAD) drawing or modeling of the components, themselves, as well as the location of those
2 components and surrounding components.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4 BMW NA objects to this Request on the grounds that the term "Electronic Component
5 Parts" and "location of . . . surrounding components" are overbroad, unduly burdensome, and
6 unrelated to the alleged defect or claims asserted in this case as it includes components not
7 identified in the TAC and/or that are not located in the spare tire well or "lowest point in the
8 trunk," as alleged in the complaint.

9 BMW NA objects to this Request on the grounds that the term "Class Vehicles" is
10 overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case
11 to the extent it seeks to include models/model years that do not have the components identified in
12 the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as
13 alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003
14 BMW X3.

15 Further, the claims in the TAC relate to the location of the modules, not the design of the
16 modules themselves, and so a request for CAD (or other similar) files for the modules themselves
17 are not reasonably calculated to lead to the discovery of admissible evidence.

18 BMW NA objects that TAC addresses over ten model years of vehicles and that even if the
19 materials requested are relevant, the burden placed on BMW NA is out of proportion of the needs
20 of the case.

21 BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf
22 of another entity or entities and to the extent it seeks information not within BMW NA's
23 possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the
24 putative class vehicles; it does not design or manufacture them. BMW NA's responds to this
25 Request only on its behalf.

26 BMW NA objects to this Request as improper to the extent it could be construed to seek
27 information covered by the attorney-client privilege, the attorney work product doctrine, or any
28 other judicially recognized privilege, protection, or rights of confidentiality. It is too premature to

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2     -7-     Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1   determine whether this Request calls for responsive but privileged material, but if it turns out that

2   it does, BMW NA agrees to produce a privilege log.

3       BMW NA objects to this Request to the extent it seeks information that would require

4   BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

5   grounds that it seeks information that would violate the privacy rights of consumers under state

6   and federal law.

7       Subject to and without waiving the foregoing objections, insofar as it understands this

8   request BMW NA has conducted a search and it has no responsive documents for the "design

9   specification[]" documents requested. BMW NA will produce maintenance materials showing the

10  locations of the RDC, PDC and SDARS modules in the putative Class Vehicles

11  (SHARMA_BMWNA_000895-905).

12  **REQUEST FOR PRODUCTION NO. 3:**

13      Documents describing BMW NA's decision-making process for locating the Electronic

14  Component Parts where it did in the Class Vehicles.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

16      BMW NA objects to this Request on the grounds that the term "Electronic Component

17  Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in

18  this case as it includes components not identified in the TAC and/or that are not located in the

19  spare tire well or "lowest point in the trunk," as alleged in the complaint.

20      BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

21  overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

22  to the extent it seeks to include models/model years that do not have the components identified in

23  the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

24  alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003

25  BMW X3.

26      BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf

27  of another entity or entities and to the extent it seeks information not within BMW NA's

28  possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2                    -8-                    Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1  putative class vehicles; it does not design or manufacture them. BMW NA's responds to this

2  Request only on its behalf.

3      BMW NA objects to this Request as improper to the extent it could be construed to seek

4  information covered by the attorney-client privilege, the attorney work product doctrine, or any

5  other judicially recognized privilege, protection, or rights of confidentiality.  It is too premature to

6  determine whether this Request calls for responsive but privileged material, but if it turns out that

7  it does, BMW NA agrees to produce a privilege log.

8      BMW NA objects to this Request to the extent it seeks information that would require

9  BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

10  grounds that it seeks information that would violate the privacy rights of consumers under state

11  and federal law.

12      Subject to and without waiving the foregoing objections, to the extent it understands this

13  Request, BMW NA did not participate in the "decision making process" referenced and has no

14  responsive documents.

15  **REQUEST FOR PRODUCTION NO. 4:**

16      All Documents concerning any analysis used to identify hazards and minimize the risk of

17  failure associated with water, liquid, or moisture intrusion in the Electronic Component Parts for

18  the Class Vehicles. This includes, but is not limited to, any Fault Tree Analyses (FTA), Failure

19  Modes and Effects Analyses (FMEA—also known as Failure Modes, Effects and Criticality

20  Analyses or FMECA), Fishbone diagrams, Preliminary Hazard Analyses (PHA), or other similar

21  documents.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23      BMW NA objects to this Request to the extent it seeks information that would require

24  BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

25  grounds that it seeks information that would violate the privacy rights of consumers under state

26  and federal law.  Accordingly, BMW NA agrees to produce any non-privileged, responsive

27  information called for by this Request following entry of a stipulated protective order governing

28  the production of confidential matter.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2                    -9-                    Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

Subject to and without waiving the foregoing objections, and to the extent it understands this Request, BMW NA did not participate in the design of the putative Class Vehicles and has no responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to safety issues associated with water, liquid, or moisture intrusion in the Electronic Component Parts or the compartment within which the Electronic Component Parts sit in the Class Vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

BMW NA objects to the undefined terms "safety issues" and "compartments in which the [ECPs] sit" which make this Request ambiguous.

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-10-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality. It is too premature to determine whether this Request calls for responsive but privileged material, but if it turns out that it does, BMW NA agrees to produce a privilege log.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, and insofar as it understands this request, BMW NA has conducted a search and it has no responsive documents concerning any "safety issues" in relation to "water, liquid, or moisture intrusion in the Electronic Component Parts or the compartment within which the Electronic Component Parts sit in the Class Vehicles."

**REQUEST FOR PRODUCTION NO. 6:**

All service bulletins, service flashes, or other Documents discussing water ingress into areas where the Electronic Component Parts of the Class Vehicles are located.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

BMW NA objects to the terms "service flashes," "other Documents," "water ingress into areas" as making this Request ambiguous, overbroad and burdensome.

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

CARROLL, BURDICK & McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-11-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, *see* SHARMA_BMWNA_000888-891 and SHARMA_BMWNA_000892-894.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents that relate to the reliability, failure rate, projected failure, or lifespan of any part in the Electronic Component Parts, including, but not limited to circumstances concerning the placement of the Electronic Component Parts and their viability in moist or damp environments in the Class Vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

BMW NA objects that phrase "circumstances concerning the placement of the Electronic Component Parts" is incomprehensible.

BMW NA objects to the undefined terms "reliability, failure rate [and] projected failure" as making this Request ambiguous.

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-12-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1  this case as it includes components not identified in the TAC and/or that are not located in the

2  spare tire well or "lowest point in the trunk," as alleged in the complaint.

3        BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

4  overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

5  to the extent it seeks to include models/model years that do not have the components identified in

6  the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

7  alleged in the complaint.  Further, there is no model year 1999 BMW X5 or model year 2003

8  BMW X3.

9        BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf

10 of another entity or entities and to the extent it seeks information not within BMW NA's

11 possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the

12 putative class vehicles; it does not design or manufacture them. BMW NA's responds to this

13 Request only on its behalf.

14       BMW NA objects to this Request as improper to the extent it could be construed to seek

15 information covered by the attorney-client privilege, the attorney work product doctrine, or any

16 other judicially recognized privilege, protection, or rights of confidentiality.  It is too premature to

17 determine whether this Request calls for responsive but privileged material, but if it turns out that

18 it does, BMW NA agrees to produce a privilege log.

19       BMW NA objects to this Request to the extent it seeks information that would require

20 BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

21 grounds that it seeks information that would violate the privacy rights of consumers under state

22 and federal law.

23       Subject to and without waiving the foregoing objections, BMW NA does not manufacture

24 or design the Putative Class Vehicles.  By way of further response, BMW NA agrees to produce

25 SI B61 13 06, which concerns the locations and placement of certain electronic modules in the

26 E60.  *See* SHARMA_BMWNA_000888-891; *see also* Response to Request No. 2.

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2
-13-
Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 8:**

All Documents that reference actual or potential defects relating to the Electronic Component Parts and Drainage Tubes, including, but not limited to circumstances where leaks in or the rupturing of Drainage Tubes result in water or moisture accumulation in the Class Vehicles and the effect of such moisture, dampness, or water on the Electronic Component Parts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

BMW NA objects to the terms "actual or potential defects," "rupturing," and "effect of" as making this Request vague and ambiguous.

BMW NA further objects to this Request on the grounds that it is argumentative and assumes facts regarding the existence of an "actual or potential defect."

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to the undefined term "related to" on the grounds that it is vague and ambiguous because it does not identify the information sought with reasonable particularity and,

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

therefore, is overbroad, unduly burdensome, and seeks information wholly unrelated to the alleged

defect, relevant parts, and claims asserted in this case.

BMW NA objects to this Request as improper to the extent it could be construed to seek

information covered by the attorney-client privilege, the attorney work product doctrine, or any

other judicially recognized privilege, protection, or rights of confidentiality. It is too premature to

determine whether this Request calls for responsive but privileged material, but if it turns out that

it does, BMW NA agrees to produce a privilege log.

BMW NA objects to this Request to the extent it seeks information that would require

BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

grounds that it seeks information that would violate the privacy rights of consumers under state

and federal law.

Subject to and without waiving the foregoing objections, BMW NA denies the existence of

any "actual or potential" defects but agrees to produce SI B61 13 06. *See*

SHARMA_BMWNA_000888-891.

**REQUEST FOR PRODUCTION NO. 9:**

Any assessments, analyses, tests, test results, studies, surveys, simulations, investigations,

inquiries, engineering changes, and/or evaluations (collectively, "Actions") related to the

Electronic Component Parts and Drainage Tubes in the Class Vehicles, including, but not limited

to circumstances where leaks in or the rupturing of Drainage Tubes result in water or moisture

accumulation in the Class Vehicles and the effect of such moisture, dampness, or water on the

Electronic Component Parts. This includes any Actions which have been conducted, are being

conducted, or are planned by, or for, BMW NA. Please ensure that Your response includes testing

or analysis conducted by BMW NA, its suppliers, or any other third-parties, on any and all subject

components returned to BMW NA or the supplier, from field service, or other consumer use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

BMW NA objects to this Request on the grounds that the term "Electronic Component

Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-15-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to the undefined term "related to" on the grounds that it is vague and ambiguous because it does not identify the information sought with reasonable particularity and, therefore, is overbroad, unduly burdensome, and seeks information wholly unrelated to the alleged defect, relevant parts, and claims asserted in this case.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA does not design or manufacture the Putative Class Vehicles. By way of further response, BMW NA agrees to produce SI B61 13 06, which concerns the locations and placement of certain electronic modules in the E60. *See* SHARMA_BMWNA_000888-891; *see also* Response to Request No. 2.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-16-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to testing, including, but not limited to track testing, road testing, laboratory testing, or any other durability testing at a vehicle system or component level, which references the Electronic Component Parts and/or Drainage Tubes, including, but not limited to circumstances where leaks in or the rupturing of Drainage Tubes result in water or moisture accumulation in the Class Vehicles and the effect of such moisture, dampness, or water on the Electronic Component Parts. This includes video footage, data, results, and notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-17-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

**REQUEST FOR PRODUCTION NO. 11:**

From 1998 to present, a copy of your organizational charts and/or directories identifying each individual involved in the design, manufacture, development, testing, and engineering of the Electronic Component Parts and/or Drainage Tubes of the Class Vehicles. Include the name of each individual that presently occupies each position and the individual who had occupied each such position when the Electronic Component Parts and/or Drainage Tubes described above for the Class Vehicles were designed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to the terms "[o]rganizational charts" as vague, ambiguous, overbroad, unduly burdensome, and seeking information far beyond the scope of the alleged defect and allegedly defective parts at issue and further, that seeking nearly 20 years of such documents is out of proportion to the needs of the case.

BMW NA further objects to this Request on the grounds that it constitutes an impermissible interrogatory in the guise of a document request and/or impermissibly requires BMW NA to create a document because it requests BMW NA identify individuals.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2     -18-     Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1    Subject to and without waiving the foregoing objections, BMW NA did not design or

2  manufacture the Putative Class Vehicles.

3  **REQUEST FOR PRODUCTION NO. 12:**

4    All marketing and advertising materials for the Class Vehicles.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

6    BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

7  overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

8  to the extent it seeks to include models/model years that do not have the components identified in

9  the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

10  alleged in the complaint.  Further, there is no model year 1999 BMW X5 or model year 2003

11  BMW X3.

12    BMW NA objects that Plaintiffs have not brought an affirmative misrepresentation claim

13  and so the Request is not reasonably calculated to lead to the discovery of admissible evidence.

14    BMW NA objects that the Request is overbroad and burdensome and that even if it sought

15  relevant evidence, the burden that gathering the information would place on BMW NA is out of

16  proportion with the needs of the case.

17  **REQUEST FOR PRODUCTION NO. 13:**

18    Documents (such as spreadsheets) showing for each year—from 1998 to present—the total

19  number of Class Vehicles sold by You and/or Your authorized retailers/dealers (a) within the

20  United States; and (b) for each state in the United States. This information should, for each year

21  and for each Class Vehicle, identify the model, the vehicle identification number, and the sale

22  price. Please produce this information in an Excel, Access, or similar type of database format,

23  which can be sorted and organized by the Plaintiffs.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25    BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

26  overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

27  to the extent it seeks to include models/model years that do not have the components identified in

28  the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2
-19-
Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

BMW NA objects to the vague term "sales contracts" as making this Request ambiguous.

Subject to and without waiving the foregoing objections, BMW NA produced as part of its initial disclosures the sales contracts for plaintiffs Sharma and Anderson.

**REQUEST FOR PRODUCTION NO. 19:**

All contracts between You and the dealerships identified in Plaintiffs' Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

BMW NA objects to the undefined term "contracts" as making this Request ambiguous.

BMW NA objects that any "contracts" with its dealerships are wholly unrelated to anything alleged in the TAC and this Request is thus overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

**REQUEST FOR PRODUCTION NO. 20:**

All Communications with NHTSA, the U.S. Department of Transportation, or the departments of transportation of any U.S. state regarding the defects alleged in the Plaintiffs' Complaint, the Electronic Component Parts, and/or the Drainage Tubes, including any prior drafts of same, meeting minutes, internal memoranda and any exhibits or supporting Documents related to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-24-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1   putative class vehicles; it does not design or manufacture them. BMW NA's responds to this

2   Request only on its behalf.

3        BMW NA objects to this Request as improper to the extent it could be construed to seek

4   information covered by the attorney-client privilege, the attorney work product doctrine, or any

5   other judicially recognized privilege, protection, or rights of confidentiality.  It is too premature to

6   determine whether this Request calls for responsive but privileged material, but if it turns out that

7   it does, BMW NA agrees to produce a privilege log.

8        BMW NA objects to this Request to the extent it seeks information that would require

9   BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

10  grounds that it seeks information that would violate the privacy rights of consumers under state

11  and federal law.

12       Subject to and without waiving the foregoing objections, BMW NA has conducted

13  reasonably diligent searches and has not located any responsive documents.

14  **REQUEST FOR PRODUCTION NO. 21:**

15       All Documents that relate to any investigation, recall, or potential recall in the United

16  States or any other country in which the Class Vehicles are sold, of any part of the Electronic

17  Component Parts or Drainage Tubes.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

19       BMW NA objects to this Request on the grounds that the term "Electronic Component

20  Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in

21  this case as it includes components not identified in the TAC and/or that are not located in the

22  spare tire well or "lowest point in the trunk," as alleged in the complaint.

23       BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

24  overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

25  to the extent it seeks to include models/model years that do not have the components identified in

26  the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

27  alleged in the complaint.  Further, there is no model year 1999 BMW X5 or model year 2003

28  BMW X3.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2                     -25-              Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality. It is too premature to determine whether this Request calls for responsive but privileged material, but if it turns out that it does, BMW NA agrees to produce a privilege log.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA states that there are no, and have not been, investigations by NHTSA, or any other agency, nor any recalls of the Electronic Component Parts or Drainage Tubes.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents exchanged between BMW NA and NHTSA, the U.S. Department of Transportation, or the departments of transportation of any U.S. state relating to the Electronic Component Parts and/or Drainage Tubes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to the undefined term "exchanged" as making this Request ambiguous.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-26-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to the undefined terms and phrases "regarding the service or general repair of " as vague, ambiguous, overbroad, unduly burdensome, and seeking information far beyond the scope of the alleged defect and allegedly defective parts at issue.

Subject to and without waiving the foregoing objections, *see* BMW NA's Response to Request No. 6.

**REQUEST FOR PRODUCTION NO. 24:**

Any complaints, inquiries, or comments by consumers regarding the alleged defects described in Plaintiffs' Complaint, including failure or compromise of the Electronic Component Parts due to water ingress or moisture build-up. Please provide all search terms used for responding to this Request and provide these Documents in their native format.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-28-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

alleged in the complaint.  Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.  Accordingly, BMW NA agrees to produce any non-privileged, responsive information called for by this Request following entry of a stipulated protective order governing the production of confidential matter.

BMW NA objects to this Request on the grounds that it violates the privacy rights of consumers under state and federal law.

BMW NA objects to the Request that any responsive materials be produced in "native" format as burdensome and unnecessary.

Subject to and without waiving the foregoing objections, BMW NA agrees to meet and confer with Plaintiffs on an appropriate search terms to run searches of its Customer Relations database.

**REQUEST FOR PRODUCTION NO. 25:**

Documents that refer or relate to the settlement of complaints, claims, and/or lawsuits relating to the Drainage Tubes and/or Electronic Component Parts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2
-29-
Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1  BMW NA objects to the undefined term "related to" on the grounds that it is vague and

2  ambiguous because it does not identify the information sought with reasonable particularity and,

3  therefore, is overbroad, unduly burdensome, and seeks information wholly unrelated to the alleged

4  defect, relevant parts, and claims asserted in this case.

5     BMW NA objects to this Request as improper to the extent it could be construed to seek

6  information covered by the attorney-client privilege, the attorney work product doctrine, or any

7  other judicially recognized privilege, protection, or rights of confidentiality.

8     BMW NA objects to this Request to the extent it seeks information that would require

9  BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

10  grounds that it seeks information that would violate the privacy rights of consumers under state

11  and federal law.

12  **REQUEST FOR PRODUCTION NO. 26:**

13     Your written policies for handling complaints, inquiries, and concerns by consumers or

14  governmental bodies regarding alleged mechanical and/or safety defects in Class Vehicles.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

16     BMW NA objects to the undefined terms "all written policies," and "alleged mechanical

17  and/or safety defects" on the grounds that they are vague, ambiguous, vastly overbroad, unduly

18  burdensome, and seek information wholly unrelated to the alleged defect, putative Class Vehicles,

19  relevant parts, and claims asserted in this case.

20     BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

21  overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

22  to the extent it seeks to include models/model years that do not have the components identified in

23  the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

24  alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003

25  BMW X3.

26     BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf

27  of another entity or entities and to the extent it seeks information not within BMW NA's

28  possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-30-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

**REQUEST FOR PRODUCTION NO. 27:**

All Communications between BMW NA, or someone on behalf of BMW NA, and consumers regarding actual or potential defects in the Electronic Component Parts or Drainage Tubes in the Class Vehicles, including, but not limited to complaints about the failure or compromise of the Electronic Component Parts due to water ingress or moisture build-up.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-31-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request on the grounds that it violates the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, *see* BMW NA's Response to Request No. 24.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents regarding repairs to or inspection and testing of any parts of the Electronic Component Parts, the compartment within which the Electronic Component Parts sit, and/or Drainage Tubes. This includes policies, procedures, guidelines, training materials, service bulletins, warranties, or repair protocols.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality. It is too premature to determine whether this Request calls for responsive but privileged material, but if it turns out that it does, BMW NA agrees to produce a privilege log.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2                    -32-                    Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1  grounds that it seeks information that would violate the privacy rights of consumers under state

2  and federal law.

3      Subject to and without waiving the foregoing objections, *see* BMW NA's Response to

4  Request No. 7.

5  **REQUEST FOR PRODUCTION NO. 29:**

6      All Documents that relate to changes made to the Electronic Component Parts, the

7  Drainage Tubes and/or the compartment within which the Electronic Component Parts sit in the

8  Class Vehicles, including, but not limited to engineering changes, manufacturing or design

9  changes, process changes, coating changes, changes in materials, change of location, or changes to

10  the durability of the components used.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

12      BMW NA objects to this Request on the grounds that the term "Electronic Component

13  Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in

14  this case as it includes components not identified in the TAC and/or that are not located in the

15  spare tire well or "lowest point in the trunk," as alleged in the complaint.

16      BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

17  overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

18  to the extent it seeks to include models/model years that do not have the components identified in

19  the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

20  alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003

21  BMW X3.

22      BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf

23  of another entity or entities and to the extent it seeks information not within BMW NA's

24  possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the

25  putative class vehicles; it does not design or manufacture them. BMW NA's responds to this

26  Request only on its behalf.

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2                -33-                Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law. Accordingly, BMW NA agrees to produce any non-privileged, responsive information called for by this Request following entry of a stipulated protective order governing the production of confidential matter.

Subject to and without waiving the foregoing objections, *see* BMW NA's Response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 30:**

The owner's manual for each year and model of the Class Vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects that this Request is harassing because it requests the information BMW NA already provided as part of its Fed. R. Civ. P. 26 Initial Disclosures

Subject to and without waiving the foregoing objections, as part of its Initial Disclosures, BMW NA produced the Owner's Manuals applicable to the named plaintiffs' vehicles and referred plaintiffs to a website where the requested materials can be downloaded.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-34-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1    Subject to and without waiving the foregoing objections, insofar as it understands this

2    request, BMW NA is the warrantor for the Class Vehicles, as evidenced by the warranty materials

3    for the Class Vehicles produced as part of its Initial Disclosures.

4    **REQUEST FOR PRODUCTION NO. 34:**

5    Copies of each warranty and extended warranty that applies or may apply to the Class

6    Vehicles.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

8    BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

9    overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

10   to the extent it seeks to include models/model years that do not have the components identified in

11   the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

12   alleged in the complaint.  Further, there is no model year 1999 BMW X5 or model year 2003

13   BMW X3.

14   Subject to and without waiving the foregoing objections, as part of its Initial Disclosures,

15   BMW NA produced the New Vehicle Limited Warranties and the Certified Pre-Owned Warranties

16   applicable to the named Plaintiffs' vehicles and referred Plaintiffs to a website where the requested

17   materials can be downloaded.

18   **REQUEST FOR PRODUCTION NO. 35:**

19   All Documents identifying the number of customers who requested a service person,

20   retailer, or any other authorized provider to inspect the defects alleged in Plaintiffs' Complaint.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

22   BMW NA objects to the undefined terms and phrases "inspect the defects" as vague,

23   ambiguous, overbroad, unduly burdensome.

24   BMW NA further objects to this Request as argumentative and assuming facts with respect

25   to the existence of "defects."

26   BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf

27   of another entity or entities and to the extent it seeks information not within BMW NA's

28   possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-36-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality. It is too premature to determine whether this Request calls for responsive but privileged material, but if it turns out that it does, BMW NA agrees to produce a privilege log.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law. Accordingly, BMW NA agrees to produce any non-privileged, responsive information called for by this Request following entry of a stipulated protective order governing the production of confidential matter.

Subject to and without waiving the foregoing objections, BMW NA does not service vehicles, its authorized dealerships do, all of which are independently owned and operated. As such, to the extent it understands this Request, BMW NA has no responsive documents. By way of further response and to the extent this Request seeks calls by customers to BMW NA, *see* BMW NA's Response to Request No. 24.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning your refund, repair, or replacement policies applicable to the Class Vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

BMW NA objects to the phrase "your refund, repair, or replacement policies" as vague and ambiguous and overbroad because it is untethered to the claims alleged in the TAC.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2
-37-
Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1 not limited to internal memoranda, emails, board meeting minutes, service flashes, customer

2 service reports, quality and control reports, and/or any other reports.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

4      BMW NA objects to this request as not reasonably calculated to lead to the discovery of

5 admissible evidence. BMW NA objects this Request is overbroad and burdensome and out

6 proportion to the needs of the case.

7      BMW NA objects to this Request on the grounds that the term "Class Vehicles" is

8 overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case

9 to the extent it seeks to include models/model years that do not have the components identified in

10 the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

11 alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003

12 BMW X3.

13      BMW NA objects to this Request as improper to the extent it could be construed to seek

14 information covered by the attorney-client privilege, the attorney work product doctrine, or any

15 other judicially recognized privilege, protection, or rights of confidentiality.

16      BMW NA objects to this Request to the extent it seeks information that would require

17 BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

18 grounds that it seeks information that would violate the privacy rights of consumers under state

19 and federal law.

20      Subject to and without waiving the foregoing objections, *see* BMW NA's Response to

21 Request No. 8.

22 **REQUEST FOR PRODUCTION NO. 42:**

23      All Documents generated by any manufacturer or designer revealing components of the

24 Class Vehicles that relate to the alleged defects in the Class Vehicles.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

26      BMW NA objects to the phrase "revealing components of the Class Vehicles that relate to

27 . . ." as incomprehensible and making the Request impossible to answer.

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-41-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law. Accordingly, BMW NA agrees to produce any non-privileged, responsive information called for by this Request following entry of a stipulated protective order governing the production of confidential matter.

Subject to and without waiving the foregoing objections, BMW NA does not design or manufacture the Class Vehicles. By way of further response, *see* BMW NA's Response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents that you contend support any basis for challenging the ability for Plaintiffs to maintain this case as a class action, including:

a.      that the class is so numerous joinder is impracticable;

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-42-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

BMW NA objects that this Request on the grounds that it is premature as the Court has not set a time for the parties' testifying expert disclosures.

**REQUEST FOR PRODUCTION NO. 48:**

All DVPRs, DVRS, or Documents related to testing performed to verify the design of the Electronic Component Parts and/or Drainage Tubes, including, but not limited to the durability of those components and the location of the Electronic Component Parts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to the terms "DVPRs [and] DVRS" as vague and ambiguous.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA did not design or manufacture the Class Vehicles.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-46-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 49:**

All Documents that reference or relate to design specifications of the Electronic Component Parts and Drainage Tubes in the Class Vehicles. This includes drawings, blueprints and diagrams.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects that this Request is harassing because it duplicates the information sought in Requests Nos. 1 and 2.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

///
///
///

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2

-47-

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

1    Subject to and without waiving the foregoing objections, BMW NA did not design or

2 manufacture the Class Vehicles.  By way of further response, *see* BMW NA's Response to

3 Request No. 2.

4 Dated:  May 4, 2015                      CARROLL, BURDICK & McDONOUGH LLP

5

6                                          By    */s/ Eric J. Knapp*

7                                              Eric J. Knapp
                                             Attorneys for Defendant
8                                              BMW of NORTH AMERICA, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652753-2                    -48-                Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS