**EXHIBIT D**

| | |
|---|---|
| 1 | Troy M. Yoshino, Bar No. 197850 |
| | *tyoshino@cbmlaw.com* |
| 2 | Eric J. Knapp, Bar No. 214352 |
| | *eknapp@cbmlaw.com* |
| 3 | Aengus H. Carr, Bar No. 240953 |
| | *acarr@cbmlaw.com* |
| 4 | **CARROLL, BURDICK & McDONOUGH LLP** |
| | Attorneys at Law |
| 5 | 44 Montgomery Street, Suite 400 |
| | San Francisco, California 94104 |
| 6 | Telephone:   415.989.5900 |
| | Facsimile:    415.989.0932 |
| 7 | |
| 8 | Attorneys for Defendant |
| | BMW of NORTH AMERICA, LLC |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MONITA SHARMA and ERIC ANDERSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BMW of NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No. CV-13-2274 (MMC)<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>The Hon. Maxine M. Chesney |

PROPOUNDING PARTY:    Plaintiffs MONITA SHARMA and ERIC ANDERSON

RESPONDING PARTY:      Defendant BMW OF NORTH AMERICA, LLC

SET NUMBER:                      One

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652765-2

Case No. CV-13-2274 (MMC)

BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 6:**

Explain whether BMW NA considered moisture build-up or water ingress when choosing to place the Electronic Component Parts where it did in the Class Vehicles.

**RESPONSE TO INTERROGATORY NO. 6:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA did not design or manufacture the putative Class Vehicles.

**INTERROGATORY NO. 7:**

The date on which You first became aware that the Electronic Component Parts in Class Vehicles could become subjected to water ingress, as described by Your Service Bulletin SI B61 13 06, and all actions taken in response to that knowledge.

**RESPONSE TO INTERROGATORY NO. 7:**

BMW NA objects to the terms "became aware" and "subjected to water ingress" as vague and ambiguous.

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

**INTERROGATORY NO. 8:**

Identify the author(s), contributing author(s), draftspersons, or any other person who participated in the creation of technical service bulletin SI B 61 13 06 and any versions thereof.

**RESPONSE TO INTERROGATORY NO. 8:**

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality. It is too premature to determine whether this Request calls for responsive but privileged material, but if it turns out that it does, BMW NA agrees to produce a privilege log.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law. Accordingly, BMW NA agrees to produce any non-privileged, responsive information called for by this Request following entry of a stipulated protective order governing the production of confidential matter.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

Subject to and without waiving the foregoing objections, John Kelly.

**INTERROGATORY NO. 9:**

The number of reports, claims, inquiries or complaints of any kind that BMW NA or its Warranty Providers, Authorized Service Persons, or BMW dealerships have received or been made aware of that relate to the Electronic Component Parts, or any component part thereof, and/or the failure or compromised nature of the Electronic Component Parts when they are

exposed to moisture. For example, this interrogatory requests, but is not limited to the number of each of the following types of claims, reports, inquiries or customer communications:

    a. Warranty claims;

    b. Extended warranty claims;

    c. Claims for good will (L e. out of warranty) services that were requested;

    d. Claims for good will services that were provided;

    e. Field, zone, or similar adjustments and reimbursements;

    f. Warranty claims or repairs made in accordance with a procedure specified in a technical service bulletin or customer satisfaction campaign.

    g. Customer calls; and/or

    h. Lawsuits.

**RESPONSE TO INTERROGATORY NO. 9:**

BMW NA objects that this is a compound interrogatory, containing impermissible subparts.

BMW NA objects to the undefined term "related to" on the grounds that it is vague and ambiguous because it does not identify the information sought with reasonable particularity and, therefore, is overbroad, unduly burdensome, and seeks information wholly unrelated to the alleged defect, relevant parts, and claims asserted in this case.

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

1  BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf
2  of another entity or entities and to the extent it seeks information not within BMW NA's
3  possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the
4  putative class vehicles; it does not design or manufacture them. BMW NA's responds to this
5  Request only on its behalf.

6  BMW NA objects to this Request as improper to the extent it could be construed to seek
7  information covered by the attorney-client privilege, the attorney work product doctrine, or any
8  other judicially recognized privilege, protection, or rights of confidentiality.

9  BMW NA objects to this Request to the extent it seeks information that would require
10 BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the
11 grounds that it seeks information that would violate the privacy rights of consumers under state
12 and federal law.

13 Subject to and without waiving the foregoing objections, BMW NA agrees to meet and
14 confer with Plaintiffs on search terms, where applicable.

**INTERROGATORY NO. 10:**

Identify the entity or entities, department(s), and individual(s) responsible for tracking and maintaining records of customer complaints, customer inquiries, customer service calls, customer service records, and dealer repair records regarding the Class Vehicles and the methods by which this information was tracked and distributed to any BMW NA engineers or other employees responsible for quality control over the Class Vehicles.

**RESPONSE TO INTERROGATORY NO. 10:**

BMW NA objects to the terms "tracking and maintaining," "track and distributed," and "responsible for" as vague, ambiguous, overbroad, unduly burdensome, and seeking information far beyond the scope of the alleged defect and allegedly defective parts at issue.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

alleged in the complaint.  Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA's Customer Relations department ; Richard Hart, Manager, Customer Relations & Services.

**INTERROGATORY NO. 11:**

Please identify the entity or entities, department(s) and individuals responsible for the marketing of the Class Vehicles. Specify those persons responsible for the content of BMW marketing materials regarding the Class Vehicles made available to the public through authorized BMW dealers and BMW websites or other media such as television, radio, internet or print advertisements from 1998 to present.

**RESPONSE TO INTERROGATORY NO. 11:**

BMW NA objects to this Request on the grounds that it is overbroad, unduly burdensome and not reasonably likely to the discovery of admissible evidence in that it seeks information regarding all conceivable advertising for every putative class vehicle, which, even if relevant, is out of proportion to the needs of the case.

BMW NA further objects to this Request on the grounds that Plaintiffs have not asserted an affirmative misrepresentation claim and, as such, the request is not reasonably calculated to lead to the discovery of admissible evidence.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

**INTERROGATORY NO. 12:**

Identify where in the owner's manuals that come with the Class Vehicles BMW NA describes the proper maintenance of the Drainage Tubes.

**RESPONSE TO INTERROGATORY NO. 12:**

BMW NA objects to the term "proper maintenance" as vague and ambiguous.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

Subject to and without waiving the foregoing objections, the owner's manuals for the putative Class Vehicles do not "describe" all of the "proper maintenance" conceivable for the

**INTERROGATORY NO. 16:**

Identify the department(s), entity or entities, or individual(s) responsible for deciding or determining that the Electronic Component Parts should be moved in certain models of Class Vehicles (as shown in Pltfs_000111), the basis for doing so, and the cost of doing so for each model of Class Vehicle.

**RESPONSE TO INTERROGATORY NO. 16:**

BMW NA objects that this is a compound interrogatory, containing impermissible subparts.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

Discovery is ongoing and BMW NA reserves the right to supplement this response.

**INTERROGATORY NO. 18:**

Identify all changes in the design, material composition, or manufacturing process of the Electronic Component Parts in the Class Vehicles (specifically any changes relating to the placement of the Electronic Component Parts or to the compartment within which the Electronic Component Parts sit in the Class Vehicles). For each such change or modification, please provide the following:

    a. The date on which the change was incorporated into vehicle production;

    b. A description of the change or modification;

    c. The reason(s) for the change;

    d. The part numbers (service and engineering) of the original component;

    e. The part number (service and engineering) of the modified component;

    f. Whether the original unmodified component was withdrawn from production and/or sale, and if so, when;

    g. When the modified component was made available as a service component; and

    h. Whether the modified component can be interchanged with earlier production components.

**RESPONSE TO INTERROGATORY NO. 18:**

BMW NA objects that this a compound interrogatory, containing impermissible subparts.

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as

alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA did not design or manufacture the putative class vehicles.

**INTERROGATORY NO. 19:**

Describe the purpose, function, and location for each of the following Electronic Component Parts in the Class Vehicles. If the purpose, function, location or inclusion differs by model number or model year, please indicate that in Your response.

  a. MPM
  b. PDC
  c. M-ASK
  d. CCC
  e. CID
  f. TCU
  g. HiFi LOGIC? System
  h. RDC

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652765-2 -22- Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

i. SDARS

**RESPONSE TO INTERROGATORY NO. 19:**

BMW NA objects that this is a compound interrogatory that seeks information on nine separate topics.

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

Subject to and without waiving the foregoing objections, BMW NA did not design or manufacture the putative class vehicles, but understands that:

The PDC module concerns the sensor array used by the Park Distance Control feature to measure the distance of the vehicle to objects when, for example, parallel parking or backing into a parking space.

The RDC module concerns the tire pressure monitoring system.

The SDARS module is the satellite receiver used for the satellite radio.

The foregoing modules are located at various and different locations among the different types of model/model year vehicles comprising the class and BMW NA further refers plaintiff to

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-PRODUCTS\SF652765-2 -23- Case No. CV-13-2274 (MMC)
BMW NA'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

documents it agrees to produce in response to plaintiffs' request for documents (SHARMA_BMWNA_000895-905).

**INTERROGATORY NO. 20:**

Please identify the entities, departments, and individuals responsible for the design, manufacture and testing of the Class Vehicles, and specifically identify all engineers, technical designers, or other members of Your design engineering team who performed work regarding or related to the design of the Electronic Component Parts in the Class Vehicles, including as to the location, specifications, tolerances, durability, components, performance, testing, and any decisions relating to the modification or potential modification of that design.

**RESPONSE TO INTERROGATORY NO. 20:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA did not design or manufacture the putative class vehicles.

**INTERROGATORY NO. 21:**

Identify methods and procedures utilized by BMW NA to document, track and respond to reported problems, complaints, concerns, and incidents regarding the Class Vehicles (including complaints or reports to NHTSA), the individuals at BMW NA who received such information, and the information BMW NA received.

**RESPONSE TO INTERROGATORY NO. 21:**

BMW NA objects to the undefined terms and phrases "methods," "procedures," "document," "track," "report," "complaints or reports to NHTSA" as vague, ambiguous, overbroad, unduly burdensome, and seeking information far beyond the scope of the alleged defect and allegedly defective parts at issue.

BMW NA objects to this Request on the grounds that the term "Class Vehicles" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case to the extent it seeks to include models/model years that do not have the components identified in the TAC and/or components not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint. Further, there is no model year 1999 BMW X5 or model year 2003 BMW X3.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the

grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, *see* Response to Interrogatory No. 10.

To the extent it understands this Interrogatory, BMW NA does not independently search for, review, or investigate "complaints" submitted to NHTSA because, among other things, they are comprised of unverified hearsay statements and contain no publicly available identifying information such as the owner's name or address. Accordingly, there is no person at BMW NA whose identity is responsive to this Request.

**INTERROGATORY NO. 22:**

Describe any engineering analysis or process by which BMW NA, or someone on BMW NA's behalf, evaluated or tracked the failure mode, potential failure mode, occurrence or potential for the Electronic Component Parts to fail, short, corrode, or be compromised by moisture (as alleged in Plaintiffs' Complaint).

**RESPONSE TO INTERROGATORY NO. 22:**

BMW NA objects to this Request on the grounds that the term "Electronic Component Parts" is overbroad, unduly burdensome, and unrelated to the alleged defect or claims asserted in this case as it includes components not identified in the TAC and/or that are not located in the spare tire well or "lowest point in the trunk," as alleged in the complaint.

BMW NA objects to this Request to the extent it requires BMW NA to respond on behalf of another entity or entities and to the extent it seeks information not within BMW NA's possession, custody, or control. Specifically, BMW NA is a distributor and warrantor of the putative class vehicles; it does not design or manufacture them. BMW NA's responds to this Request only on its behalf.

BMW NA objects to this Request as improper to the extent it could be construed to seek information covered by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized privilege, protection, or rights of confidentiality.

BMW NA objects to this Request to the extent it seeks information that would require BMW NA to disclose trade secret, proprietary, and/or confidential information, and on the grounds that it seeks information that would violate the privacy rights of consumers under state and federal law.

Subject to and without waiving the foregoing objections, BMW NA did not design or manufacture the putative class vehicles.

Dated: May 4, 2015  CARROLL, BURDICK & McDONOUGH LLP

By /s/ Eric J. Knapp
Eric J. Knapp
Attorneys for Defendant
BMW of NORTH AMERICA, LLC