IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONITA SHARMA, et al., | No. C 13-2274 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION; VACATING ORDER DISMISSING THIRD CLAIM FOR RELIEF; DIRECTING DEFENDANT TO FILE AMENDED ANSWER** |
| v. | |
| BMW OF NORTH AMERICA, LLC., | |
| Defendant. | |

Before the Court is plaintiffs' motion for reconsideration.[1] Defendant has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

In an order filed January 6, 2015, the Court granted in part and denied in part defendant's motion to dismiss the Third Amended Class Action Complaint ("TAC"), the operative complaint in the above-titled action. In so doing, the Court dismissed the Third Claim for Relief, titled Breach of Implied Warranty of Merchantability Under the Song-Beverly Act. By the instant motion, plaintiffs seek reconsideration of the dismissal of said claim, in light of Daniel v. Ford Motor Co., 806 F.3d 1217 (9th Cir. 2015), a recently-issued

---

[1] On January 25, 2016, plaintiffs filed a motion for leave to file a motion for reconsideration, which motion the Court granted by order filed January 29, 2016. Thereafter, by order filed February 5, 2016, the Court approved the parties' stipulation deeming plaintiffs' motion for leave to file a motion for reconsideration to be plaintiffs' motion for reconsideration.

opinion by the United States Court of Appeals for the Ninth Circuit.

Under the Song-Beverly Act, "every sale of consumer goods that are sold at retail in [California] shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable," see Cal. Civ. Code § 1792, which warranty means, inter alia, that the goods are "fit for the ordinary purposes for which such goods are used," see Cal. Civ. Code § 1791.1(a). Where, as here, the goods purchased are "used consumer goods," the maximum duration of the implied warranty of merchantability is "three months following the sale." See Cal. Civ. Code § 1795.5(c).

In seeking dismissal of the Third Claim for Relief, defendant argued that the statutory three-month period set forth in § 1795.5(c) expired prior to the dates on which plaintiffs allege they first began to experience problems caused by the design defect asserted in the instant action.[2] In its order dismissing the Third Claim for Relief, the Court agreed and found "unpersuasive plaintiffs' argument that where a product has a latent defect, the manufacturer breaches the implied warranty of merchantability on the date of the sale." (See Order, filed January 6, 2015, at 7:23-24.) Subsequent thereto, the Ninth Circuit held the Song-Beverly Act, while setting forth a "durational limitation," does not include a "requirement that the purchaser discover and report to the seller a latent defect within that time period," see Daniel, 806 F.3d at 1222 (emphasis in original; internal quotation and citation omitted), nor does it "create a deadline for discovering latent defects," see id. at 1223 (explaining "proof of breach of warranty does not require proof the product has malfunctioned but only that it contains an inherent defect which is substantially certain to result in malfunction during the useful life of the product") (internal quotations and citations omitted).

---

[2]The alleged defect is described in detail in the TAC (see TAC ¶¶ 1-2, 35-36, 52, 56) and in the Court's order of January 6, 2015 (see Order at 1:22 - 2:8). Plaintiffs allege plaintiff Monita Sharma purchased her vehicle "in or around May 2009 (see TAC ¶ 9) and "began to experience a series of electrical problems" caused by the asserted defect in "late 2012" (see TAC ¶ 11), and that plaintiff Eric Anderson purchased his vehicle in March 2012 (see TAC ¶ 19) and first experienced "difficulties" caused by the asserted defect "[t]wo years after purchasing [it]" (see TAC ¶¶ 22, 24).

Given the Ninth Circuit's recent interpretation of California law, see id. at 1222-23, and plaintiffs' having alleged in the TAC that their respective vehicles have an "inherent defect" that "cause[d] [their] [v]ehicles to malfunction and become inoperable" (see TAC ¶¶ 113, 116), the Court finds the Third Claim for Relief is not subject to dismissal on the ground raised in the motion to dismiss.

In opposing reconsideration, defendant argues the Third Claim for Relief is subject to dismissal on a ground other than that raised in its motion to dismiss.[3] In that regard, defendant again points to § 1795.5, in this instance to both its introductory clause and subsection (c), which, read together, provide for an implied warranty as to used consumer goods only where an "express warranty" is given. (See Def.'s Opp. at 5:6-22.) To the extent defendant may be contnending plaintiffs' claim fails because no express warranties were given (see id. (citing Keegan v. American Honda Motor Co., 838 F. Supp. 2d 929, 947 n.52 (C.D. Cal. 2012) for proposition that "[w]here 'no warranties by Honda were in effect at the time of purchase' plaintiff could not state a claim under Song-Beverly")), such argument has no merit; plaintiffs have alleged they received express warranties in connection with the subject sales (see TAC ¶¶ 24, 27, 45-46), and, indeed, defendant previously asked the Court to take judicial notice of those express warranties (see Def.'s Req. for Judicial Notice, filed March 17, 2014). To the extent defendant may be contending the implied warranty does not cover defects not covered by the express warranties plaintiffs received (see Def.'s Opp. at 5:17-18 ("there is no express warranty covering the alleged defect")),[4] such argument likewise is unpersuasive; to accept defendant's reading of § 1795.5 would effectively obviate the need for an implied warranty,

---

[3]Defendant also argues the Third Claim for Relief is futile for the reasons stated in its "Motion to Dismiss Plaintiffs' Claims for Lack of Standing and Motion for Summary Judgment" ("MSJ"), filed January 28, 2016. As the deadline for plaintiffs to oppose the MSJ has not been set (see Order, filed February 5, 2016, at 3:11-12), and plaintiffs' motion to stay further briefing thereon is pending, the Court finds it premature to reach issues presented in the MSJ in the context of the instant motion.

[4]The Court previously found that plaintiffs' express warranties do not cover design defects, and, consequently, dismissed the breach of express warranty claims. (See Order, filed June 19, 2014, at 6:9 - 8:26.)

3

and effectively ignore the entire purpose for which § 1795.5 was enacted. See <u>Daniel</u>, 806 F. 3d at 1223 (holding courts must "construe the Song-Beverly Act so as to implement the legislative intent to <u>expand</u> consumer protection and remedies") (emphasis in original; internal quotation and citation omitted).

Lastly, plaintiffs state that if reconsideration is granted, the Court should "entertain [a] motion for leave to file a Fourth Amended Complaint to re-assert [plaintiffs'] implied warranty claim and include allegations consistent with the new authority from the Ninth Circuit in support of the claim." (<u>See</u> Pls.' Mot., filed January 26, 2016, at 5:12-13.) Plaintiffs, however, have not shown a need for such filing. First, there is no need for plaintiffs to amend the TAC to "re-assert" the Third Claim for Relief, as said claim, despite the Court's prior ruling, has been included in the TAC. Second, there is no need to add "allegations consistent with the new authority" (<u>see</u> <u>id.</u>); the Court does not read <u>Daniel</u> as requiring plaintiffs to plead any facts not already alleged in the TAC. Under such circumstances, the Court will direct defendant to amend its existing answer for the purpose of responding to the Third Claim for Relief as pleaded in the TAC.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for reconsideration is hereby GRANTED, and the Court's dismissal of the Third Claim for Relief, as set forth in its order of January 6, 2015, is VACATED.

Defendant is hereby DIRECTED to file, no later than March 28, 2016, an amended answer to the TAC.

**IT IS SO ORDERED**.

Dated: March 14, 2016

_____
MAXINE M. CHESNEY
United States District Judge

4