IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONITA SHARMA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>BMW OF NORTH AMERICA LLC,<br><br>    Defendant. | Case No. 13-cv-02274-MMC<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO STAY BRIEFING ON DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT; SETTING BRIEFING SCHEDULE AND HEARING**<br><br>Re: Dkt. No. 125 |

    Before the Court is plaintiffs' "Administrative Motion to Stay Briefing on Defendant's Motion for Summary Judgment," filed February 5, 2016. Defendant has filed opposition. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

    On January 28, 2016, defendant filed a "Motion to Dismiss Plaintiffs' Claims for Lack of Standing and Motion for Summary Judgment" (hereinafter, "MSJ"). By the instant motion, plaintiffs seek an order staying briefing on the MSJ until after the Court has ruled on a motion for class certification that plaintiffs intend to file in the future, or, alternatively, until after certain discovery matters have been resolved. The Court finds plaintiffs have not made a sufficient showing to support a stay under either asserted ground.

    First, the Court finds unpersuasive plaintiffs' argument that the MSJ is procedurally improper because it was filed prior to the Court's consideration of an anticipated motion for class certification. "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." See Fed. R. Civ. P. 56(b). In this district, there is no local rule

specifying the time at which a motion for summary judgment may be filed and no deadline has been set by the Court for the completion of expert discovery.  Although plaintiffs assert that defendant's "summary judgment motion has been scheduled after class certification" (see Pls.' Mot. at 5:15), neither of the scheduling orders issued to date, specifically, the initial scheduling order, filed January 29, 2015, and the amended scheduling order, filed September 10, 2015, includes any reference to the timing of a motion for summary judgment, much less a restriction on when such a motion may be filed.[1]

Second, the Court finds unpersuasive plaintiffs' argument that the MSJ should not be briefed and heard until such time as all outstanding discovery disputes are resolved[2] and plaintiffs have taken the deposition of one of defendant's former employees. Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment]," the district court may "defer considering the motion." See Fed. R. Civ. P 56(d).  To be entitled to such relief, the nonmovant must "specifically identif[y] . . . relevant information," must show "there is some basis for believing that the information sought actually exists," and must show how the identified information "would prevent summary judgment." See Employers Teamsters Local Nos. 175 & 505 Pension Trust

---

[1] Plaintiffs correctly observe that, in the Joint Case Management Statement, filed January 16, 2015, the parties proposed a schedule wherein the "[d]ispositive motions due" date was "50 days" after the "[h]earing on [p]laintiffs' anticipated motion for class certification."  (See Joint Case Management Statement at 9.)  The Court, however, did not adopt that part of the proposed schedule.

[2] Subsequent to the filing of the instant motion, Magistrate Judge Kandis A. Westmore, by order filed March 15, 2016, resolved the parties' outstanding discovery disputes.  To the extent said order resolves the discovery disputes referenced therein as concerning "document retention policies" and "design, manufacturing, and testing documents" (see Order Regarding Discovery Letter Briefs at 4:2 - 10:3), the order is final, as no party filed an objection to those portions of the order within fourteen days of March 15, 2016.  See Fed. R. Civ. P. 72(a) (setting forth deadline to object to nondispositive order of magistrate judge).  To the extent the order resolves the discovery dispute referenced therein as concerning "limited discovery responses" (see Order Regarding Discovery Letter Briefs at 10:4 - 12:5), the order is, arguably, not final, as the Court, by order filed concurrently herewith, has denied plaintiffs' objections thereto without prejudice to plaintiffs' filing a motion for leave to file a motion for reconsideration.

Fund v. Clorox Co., 353 F.3d 1125, 1129-30 (9th Cir. 2004) (internal quotations and citations omitted). The declaration filed by plaintiffs in support of the instant motion, however, although identifying in general terms the nature of the discovery disputes and naming the former employee whom plaintiffs seek to depose (see Kershaw Decl., filed February 5, 2016, ¶¶ 4, 5), fails to identify any facts plaintiff believe they might obtain by further discovery, let alone how such facts would be sufficient to preclude summary judgment.

Accordingly, plaintiffs' administrative motion to stay briefing on defendant's MSJ is hereby DENIED, and the Court sets the following briefing schedule and hearing date for the MSJ:

1. No later than April 15, 2016, defendant shall file a supplemental memorandum, not to exceed five pages in length, excluding exhibits, setting forth its argument as to the Third Claim for Relief.[3]

2. No later than May 6, 2016, plaintiffs shall file their opposition to the MSJ.[4]

3. No later than May 20, 2016, defendant shall file its reply.

4. The hearing on the MSJ is set for June 3, 2016, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: April 1, 2016

MAXINE M. CHESNEY
United States District Judge

---

[3] By order filed January 6, 2015, the Court dismissed the Third Claim for Relief. Thereafter, on March 14, 2016, after defendant had filed the MSJ, the Court granted plaintiffs' motion for reconsideration and vacated said dismissal. In its opposition to plaintiffs' motion for reconsideration, defendant, without further elaboration, stated that its arguments in the MSJ would also apply to the Third Claim for Relief. To afford plaintiffs adequate notice of the basis for defendant's motion, the Court finds it appropriate to direct defendant to file a supplemental memorandum setting forth its argument as to the Third Claim for Relief.

[4] By order filed February 5, 2016, the Court approved the parties' stipulation that, in the event a stay were denied, plaintiffs would file opposition to the MSJ no later than two weeks after such denial. Given the above-referenced supplement, however, the Court has extended that deadline.

3