UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONITA SHARMA, et al.,

  Plaintiffs,

  v.

BMW OF NORTH AMERICA LLC,

  Defendant.

Case No. 13-cv-02274-MMC (KAW)

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 146

On March 15, 2016, the undersigned issued a discovery order in the above-captioned case. Among other things, Plaintiffs sought additional discovery from Defendant, claiming that Defendant had improperly limited its discovery responses to only three electronic components in the class vehicles' trunk compartment—the SDARS, RDC, and PDC modules. (Dkt. No. 141 at 10.) In the propounded discovery, Plaintiffs defined the term "Electronic Component Parts" as:

> Includ[ing], but [] not limited to, the Micro Power Module ('MPM'), the Park Distance Control ('PDC'), the Multi-Audio System Controller ('M-ASK'), the Car Communication Computer ('CCC'), the Control Information Display ('CID'), the Telematrics Control Unit ('TCU'), the HiFi LOGIC7 System, the Tire Pressure Monitor ('RDC') and/or Satellite Radio Receiver ('SDARS'), as those terms are used in the Service Bulletin SI B 61 13 06, General Electrical Systems, issued by BMW NA.

(*Id.* (citing Dkt. No. 135 at 2).)

In the joint letter, Defendant represented that instead of responding to its requests to identify the specific modules at issue, "Plaintiffs instead 'produced a 160 page manual reflecting thousands of components located everywhere in the vehicles . . . .'" (*Id.* (citing Dkt. No. 135 at 4.) Plaintiffs did not address this statement in the joint letter. (*Id.* (citing Dkt. No. 135 at 4.) Defendant also represented that a service bulletin cited by Plaintiffs mentioned other modules, but

with one exception, none of them were "located in the trunk or cargo area of the vehicles much less at the lowest point (whatever that means)." (*Id.* (citing Dkt. No. 135 at 4-5).)

Accordingly, the Court ruled on the dispute as follows:

> In light of Plaintiffs' own formulation of the allegations in the operative complaint[1] and BMW NA's statement, BMW NA shall supplement its discovery responses as to the one module mentioned in the service bulletin that is located in the trunk or cargo area of the vehicles if that module is part of any of the proposed class vehicles. It shall, in its responses, also state that the remaining modules referenced in the service bulletin are not located in that area. As to the other unspecified and innumerable items to which Plaintiffs' definition of "Electronic Component Parts" might "include but is not limited to," Plaintiffs have failed to show that information concerning these items would be both relevant and proportional under Rule 26(b).

(Dkt. No. 141 at 11-12.)

Plaintiffs now seek leave to move for reconsideration of the above portion of this Court's March 15, 2016 discovery order. (Dkt. No. 146.) Defendant has filed an "objection" to the motion.[2] (Dkt. No. 148.) For the reasons set forth below, the motion is DENIED.

Civil Local Rule 7-9(a) provides: "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." The party requesting leave to file a motion for reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory

---

[1] In Plaintiffs' own words: "Plaintiffs Monita Sharma and Eric Anderson ('Plaintiffs') allege that the class vehicles at issue in this case are equipped with a uniform defect such that sensitive electronic components are located in the lowest parts of the trunk compartment where they become damaged by water or moisture intrusion." (Dkt. No. 135 at 1 (footnote omitted).)

[2] Under Civil Local Rule 7-9, "no response need be filed" to a motion for leave to file a motion for reconsideration.

order which the party now seeks to have reconsidered." Civil L.R. 7-9(c).

Plaintiffs have not made the requisite showing here. Plaintiffs argue that reconsideration is appropriate because Defendant's supplemental interrogatory responses, dated April 5, 2016, purportedly show that Defendant made misrepresentations to the Court regarding the location of certain electronic components. (Mot. at 3.) Plaintiffs assert that while Defendant represented that of the electronic components at issue, only one additional component was located in the trunk, the responses reveal that six of the components are actually located in the trunk or cargo area of the vehicles. (*Id.*) These apparently include the MPM, PDC, TCU, LOGIC7, RDC, and SDARS modules. (Barlow Decl., Ex. A at 19.)

Defendant's representation was as follows:

> Plaintiffs' TAC unequivocally puts at issue only the SDARS, PDC and RDC. E.g., TAC ¶¶ 1, 6, 8, 23, 35 (referring to only those modules). Plaintiffs now claim that BMW NA should redo its ESI searches to encompass any and all unspecified electronic modules in the "lowest point" in the trunks of the class vehicles. As ostensible support, they cite a service bulletin attached to the TAC, which mentions other modules. But with one exception, none of them are located in the trunk or cargo area of the vehicles much less at the lowest point (whatever that means). Rather, they are phone and entertainment modules which might be affected only if *other* modules malfunction (but, regardless, ***none*** implicate safety concerns).

(Joint Ltr., Dkt. No. 135 at 5-6.) Plaintiffs fail to explain why this purported misrepresentation is material within the meaning of Civil Local Rule 7-9. Defendant's supplemental responses establish that the MPM is located in the "spare tire well (for SoP – Sept. 2005)," which accounts for the additional single unit referenced in Defendant's representation, and that the TCU and LOGIC7 modules "are not at the lowest point in the trunk or rear cargo area."[3] (Barlow Decl., Ex. A.) To the extent the response concerns the remaining modules—the PDC, RDC, and SDARS— Plaintiffs cannot contend that the location of these modules is "new" to them, given that since May 17, 2013, when Plaintiffs filed this action, Plaintiffs have alleged that these units are "locate[d] in the lowest point of the automobile's trunk." (Compl. ¶ 18, Dkt. No. 1.) Indeed, the issue in the

---

[3] Defendant's supplemental responses also indicate that "neither of the named plaintiffs' vehicles are equipped with an MPM or LOGIC7, nor were their TCUs affected by water intrusion." Plaintiff does not address this portion of Defendant's supplemental responses in its motion, further convincing the Court that none of this "new" information is material for the purposes of Civil Local Rule 7-9.

3

joint letter was whether Defendant had improperly limited its discovery responses to these three modules. (Dkt. No. 135.)

Plaintiffs also argue that a recently-produced defects spreadsheet names other "electronic components such as the HKL, AHL, EHC, DME, DSC, fuse box, fuses, battery, relays, IBS and related writing and connectors—all of which were shown to be impacted by the underlying defect . . . ." (Mot. at 4.) Plaintiffs, however, have failed to show that this material is new. Indeed, a repair invoice relating to Sharma's vehicle, which is dated January 24, 2013 and appears to have been stamped as a deposition exhibit on August 26, 2015, shows that Plaintiffs were aware of the HKL module well before they filed the joint letter at issue. (Barlow Decl., Ex. C.) Several of the remaining components are listed in Plaintiffs' Supplemental Responses to Defendant's First Set of Interrogatories, which are dated December 21, 2015. (Barlow Decl., Ex. D.) Thus, Plaintiffs were free to alert the Court of this additional information in its briefing (even if separate exhibits could not be attached) but elected not to do so.

Furthermore, Plaintiffs assert that "inaccuracies and misrepresentations are also confirmed by documents attached to the Declaration of Ian J. Barlow in Support of Plaintiffs' Motion for Leave to File a Motion for Reconsideration ("Barlow Declaration") that could not accompany Plaintiffs' underlying discovery letter brief pursuant to this Court's Standing Order. (Standing Order ¶ 13.)." This suggests that the information claimed to warrant reconsideration here was previously available to Plaintiffs, and while Plaintiffs were not able to attach these materials to the parties' joint letter, it does not explain why Plaintiffs failed to address whether they had made any efforts to narrow the scope of their overbroad definition of "Electronic Component Parts" or why Plaintiffs did not seek leave to file the additional documents as exhibits to their joint letter.

///
///
///
///
///
///

4

For these reasons, Plaintiffs' motion for leave to file a motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: 04/29/2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge